Constance & Ralph
INGERSON, Plaintiffs,

v.

Demetra L. GIKAS, et al., Defendants.

Ronald B. FISHER, and Refiner's Transport and Terminal Corporation, Third–Party Plaintiffs,

v.

AGENCY RENT–A–CAR, INC., Third–Party Defendant.

Civ. A. No. 90–100–CMW.

United States District Court, D. Delaware.

March 20, 1991.

David J. Ferry, Jr. of Ferry, Joseph, Fink & Blandin, Wilmington, Del., for plaintiffs.

Richard D. Becker of Becker & Becker, Wilmington, Del., for defendant Gikas.

Stephen F. Dryden of Heckler & Cattie, Wilmington, Del., for defendants Fisher and Refiner's Transport & Terminal Corp.

Marc P. Niedzielski of White & Williams, Wilmington, Del., for defendant United Pacific Ins. Co.

Michael K. Tighe of Berg, Bifferato, Tighe & Cottrell, Wilmington, Del., for third-party defendant.

## OPINION

CALEB M. WRIGHT, Senior District Judge.

This is a personal injury action arising out of a multi-car collision on February 27, 1988. At bar are the summary judgment motions of Agency Rent–A–Car, Ronald B. Fisher and Refiner's Transport and Terminal Corporation.

Plaintiffs allege that defendant Demetra Gikas ("Gikas") crashed her rental car into a car driven by Constance Ingerson. Mrs. Ingerson was then rear-ended by a truck driven by Ronald Fisher ("Fisher"). Fisher allegedly was acting as the agent, servant and/or employee of Refiner's Transport and Terminal Corporation. After being named as defendants, Fisher and Refiner's Transport and Terminal Corporation ("the Fisher defendants") impleaded the owner/lessor of the Gikas rental car, Agency Rent–A–Car. The Fisher defendants assert that under Title 21 of the Delaware Code, section 6102, Agency Rent–A–Car is jointly and severally liable for any damages resulting from Gikas's alleged negligence.

Section 6102 requires owners of rental cars to "carry or cause to be carried" a minimum amount of liability insurance for a driver's negligence in operating a rental car.[1] Del.Code Ann. tit. 21, § 6102(a)(1985). If the owner fails to do so, it is jointly and severally liable with the renter for any damages caused by the renter's negligence. *Id.* However, if the owner "has provided or caused" the required insurance to be provided, the judge or court shall dismiss the owner from the action. *Id.* at § 6102(d).

Here, summary judgment must be granted in favor of Agency Rent–A–Car. All parties agree that Ms. Gikas's own liability policy with Allstate Insurance Company ("Allstate") covers the accident in excess of the minimum coverage mandated by 6102. Contrary to the Fisher defendants' claim, this is the determinative factor. The overriding public policy concern of 6102 is that a minimum amount of insurance coverage be available. *Stewart v. Selner and Agency Rent–A–Car*, C.A. No. 88C–3L–4–1–CV (Del.Super., Jan. 11, 1989), 1989 WL 5186 at p. *1 (available on LEXIS, States library, Del file), LEXIS cite at p. *3. If the Allstate policy covers the accident, liability shifts and Agency Rent–A–Car is entitled to dismissal. *See id.*

The record also demonstrates that Agency Rent–A–Car took steps to guarantee that Gikas actually had insurance before

1. Section 6102 provides:

(a) The owner of a motor vehicle who is engaged in the business of renting motor vehicles without drivers, who rents any such vehicle without a driver to another, otherwise than as a part of a bona fide transaction involving the sale of such motor vehicle, and permits the renter to operate the vehicle upon the highways and who does not carry or cause to be carried public liability insurance in an insurance company or companies approved by the Insurance Commissioner of this State insuring the renter against liability arising out of his negligence in the operation of such rented vehicle in limits of not less than $10,-000 for anyone killed or injured and $20,000 for any number more than 1 injured or killed in any 1 accident, and against liability of the renter for property damages in the limit of not less than $5,000 for 1 accident, shall be jointly and severally liable with the renter for any damages caused by the negligence of the latter in operating the vehicle and for any damages caused by the negligence of renting the vehicle from the owner.

\* \* \* \* \* \*

(d) When any suit or action is brought against the owner under this section, the judge or court before whom the case is pending shall cause a preliminary hearing to be had in the absence of the jury for the purpose of determining whether the owner has provided, or caused to be provided, insurance covering the renter in the limits above mentioned. Whenever it appears that the owner has provided or caused to be provided insurance covering the renter in the sums above mentioned, the judge or court shall dismiss, as to the owner, the action brought under this section.

renting the car.[2] Paragraph 7 of the Rental Agreement states that Gikas's insurance will provide liability coverage in case of an accident:

> Customer represents and warrants that he has a valid policy of automobile liability insurance in force at the time of this rental and further represents and warrants that he shall maintain said policy of automobile liability insurance in force during the term of this rental. Lessor relying on said warranty and representation is not providing Liability–Property Damage automobile insurance or medical expense coverage to the Customer or any other person using or riding in said vehicle.

The Rental Agreement also identifies Allstate as Gikas's insurance carrier.

Under the circumstances, the Court can not imagine what more Agency Rent–A–Car could have done to have "caused" insurance "to be provided." The Fisher defendants suggest nothing short of compelling Agency Rent–A–Car to secure additional, separate coverage. Taken to its logical conclusion, this position would require an owner/lessor to secure additional insurance every time it rented to an insured driver. This plainly is not the intent of the statute. *See Schwartz v. Centennial Insurance Co.,* C.A. 5350 (1977), slip. op. at 10 (Del.Ch., Mar. 6, 1979, available on LEXIS, States library, Del file) (6102 does not "require two separate coverages on the same vehicle").

Accordingly, summary judgment in favor of third-party defendant Agency Rent–A–Car is granted. An order will issue in accordance with this Opinion.

---

**2.** This fact alone does not mandate dismissal of Agency Rent–A–Car. The key fact is that the Allstate policy covers the accident—that insurance coverage is available.

> "[A] mere inquiry is not sufficient to meet the statutory obligation. The overriding public policy concern is that insurance coverage be available. The Legislative intent would be subverted if the obligation were discharged by a mere inquiry where ... the result might be that no coverage is in fact available ... The shifting of responsibility contemplated by § 6102 will be given effect if it is successful, i.e. if alternate insurance coverage is actually provided by the renter." *Stewart v. Selner and Agency Rent–A–Car, supra,* WESTLAW cite at p. *2, LEXIS cite at p. *3.